## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

DAWYN S. PALMER,

     Plaintiff,                         Case No. 9:25-cv-80169

v.

                                    DEMAND FOR A JURY TRIAL

CORDOBA LEGAL GROUP, LLC,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff DAWYN S. PALMER ("Plaintiff"), by and through the undersigned, complains as to the conduct of CORDOBA LEGAL GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages under the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* the Florida Credit Services Organizations Act ("FCSOA") under Fla. Stat. § 817.700 *et seq.*, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") under Fla. Stat. § 501.201 *et seq.,* as well as for Breach of Fiduciary Duty, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides with the Southern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

4.   Plaintiff is a natural person over 18-years-of-age and, at all relevant times, resided in Charlotte, North Carolina.

5.   Defendant is a law firm, credit repair organization, and debt settlement provider that claims to assist consumers with their credit issues by offering their services in negotiating down the amount of debt owed so that consumers can address these debts and ultimately become debt free. Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 102 NE 2nd Street, Unit 252, Boca Raton, Florida 33432.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7.   In approximately November of 2023, Plaintiff was interested in attempting to resolve a number of debts which were impacting her credit and credit score, and began researching credit repair and debt consolidation companies.

8.   Plaintiff subsequently happened upon Defendant and its services and spoke with Defendant about using its services.

9.   Upon speaking with Plaintiff, Defendant explained the nature of its services and that Plaintiff would make certain monthly payments to Defendant, who would in turn use those funds to reach negotiated settlements with her creditors, and that by doing so and completing the program, Plaintiff would enjoy a benefit by improving her credit history by addressing obligations that would otherwise be cost-prohibitive to resolve.

10.  Defendant's articulation of the nature of its services implied to Plaintiff that its services would result in the overall benefit to her credit score since otherwise unresolved obligations would be resolved – and that any negative impact of its services would be offset by the ultimate benefit of an improved debt to income ratio and fewer debts impacting her debt load.

11.  Defendant further explained that its services would save Plaintiff substantial sums on her enrolled debts and that she would save money through Defendant's services.

3

12. Additionally, Defendant informed Plaintiff that it would communicate on her behalf with her creditors, and Plaintiff would not be contacted by her creditors regarding her obligations.

13. Plaintiff, finding desirable Defendant's promises to assist in Plaintiff's efforts to reestablish her financial foothold, agreed to utilize Defendant's services and entered into a contract with Defendant for the provision of the same.

14. After signing up for Defendant's services, Plaintiff was instructed to let all of her obligations go into default, and instead divert payments that would normally go to her creditors to Defendant instead.

15. Plaintiff began making her monthly payments to Defendant which totaled approximately $1,152.04 per month, and Plaintiff was set to make these payments for several years.

16. Plaintiff's payments went into a dedicated account, from which Defendant would withdraw funds for its fees and to enter into settlements with Plaintiff's creditors.

17. Upon information and belief, throughout the life of Defendant's dealings with Plaintiff, it has inappropriately assessed various fees and charges for services that were not actually performed and which Defendant failed to fully perform.

18. Contrary to claims that it would begin work resolving her enrolled accounts immediately, Defendant instead failed to take any action to resolve her accounts.

4

19. Ultimately, Plaintiff failed to experience the benefit and eliminated debt that Defendant represented when Plaintiff signed up for services, as Defendant had completely oversold the nature of its services.

20. Defendant's failure to act led to Plaintiff's financial well-being, contrary further to its claims, to be further diminished as her obligations went into default, incurring further fees and damaging her credit.

21. Furthermore, Plaintiff continued to experience constant calls and other communications from her creditors, contrary to Defendant's claims that they would handle all communications.

22. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the unnecessary payments made to Defendant, further out of pocket expenses, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE
### CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679B(A)

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

26. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

27. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that Defendant's program would result in the overall improvement of Plaintiff's credit history, at it would allow her to resolve obligations and lower the debt load impacting her credit, in turn improving her credit.

28. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to

commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

29. Defendant violated the above referenced provisions of the CROA through its deceptive representations regarding the nature of its services. Defendant oversold its results and the timeframe results would be delivered as Plaintiff has made thousands of dollars in payments in exchange for essentially no benefit which she bargained for.

30. Defendant further violated the above provisions of the CROA through its deceptive and misleading representation that Plaintiff's best course of action would be to cease paying her creditors and instead divert those funds to Defendant. Defendant engages in this conduct in furtherance of its own bottom line and to facilitate its own provision of services, without any consideration for whether a particular consumer would benefit from being subjected to the bevy of negative consequences that come with instructing a consumer to default on obligations.

31. Defendant further violated the above provisions of the CROA through the deceptive manner in which it represents its services to consumers and the extent to which such representations contradict the contractual language and subsequent disclosures provided by Defendant. Upon information and belief, prior to Defendant getting consumers to sign up for its services, Defendant represents that any negative impact on a consumer's credit will be offset by the long-term benefit that completing

Defendant's program will have, suggesting that its services will improve a consumer's credit in the long run. However, in the contract with consumers and after consumers have signed up for Defendant's services, Defendant attempts to disclaim the beneficial impact it originally represented would flow to consumers. Defendant's conduct is designed to deceptively get consumers to sign up for its services believing there to be a benefit, only for Defendant to cut against the representations inducing consumer assent to its terms through contractual language and subsequent conduct.

32. Additionally, Defendant violated the above provisions of the CROA through the unlawful and fraudulent nature of its billing practices. Upon information and belief, Defendant engages in a pattern and practice whereby it charges consumers fees for illusory services never performed, with such fees ultimately diminishing the pot from which enrolled obligations can be settled. Defendant engages in this conduct in an attempt to lengthen the timeframe consumers are in its program by intentionally and inappropriately depleting the funds from consumers' dedicated accounts which should otherwise be put towards resolving enrolled obligations.

33. Defendant further violated the above provisions of the CROA through their false and misleading statements to Plaintiff that it would communicate with her creditor on her behalf, and that she would not be subject to collection correspondence. As became evident through continued calls Plaintiff received from her creditors regarding her accounts, this was not the case.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679B(B)

34. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

36. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any

consumer with regard to any activity or service for the purpose of improving a consumer's credit.

37. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that Defendant's program would result in the overall improvement of Plaintiff's credit history, at it would allow her to resolve obligations and lower the debt load impacting her credit, in turn improving her credit.

38. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

39. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services were fully performed. Defendant assessed fees against Plaintiff that were not tied to the complete performance of work, and Defendant similarly charged fees to Plaintiff prior to the beginning of their work.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE
## CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679B(C)

40. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

42. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

43. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that Defendant's program would result in the overall improvement of Plaintiff's credit history, at it would allow her to resolve obligations and lower the debt load impacting her credit, in turn improving her credit.

44. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided to consumers, as well as the nature and manner in which such disclosures must be provided.

45. Defendant violated the above provisions of the CROA through its failure to provide the requisite disclosures in the manner required by the CROA.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE
## CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679B(D)

46. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

48. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

49. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that Defendant's program would result in the overall improvement of Plaintiff's credit history, at it would allow her to resolve obligations and lower the debt load impacting her credit, in turn improving her credit.

50. The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for any contracts between CROs and their customers, including "a conspicuous statement, in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight on the 3rd business day after the date on which you signed the contract. See attached notice of cancellation form."

51. Defendant violated §§ 1679d(b)(4) through its failure to provide the requisite disclosure regarding Plaintiff's right to cancel or otherwise rescind the contract.

Defendant's disclosure of the right to cancel is not in bold-face type, it is not in proximity to the space on the contract reserved for Plaintiff's signature, nor does it direct to an attached notice of cancellation.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT V – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679F

52. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

54. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or

other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

55. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that Defendant's program would result in the overall improvement of Plaintiff's credit history, at it would allow her to resolve obligations and lower the debt load impacting her credit, in turn improving her credit.

56. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

57. Defendant violated 15 U.S.C. § 1679f(b) through their attempt to obtain Plaintiff's waiver of the protections afforded under the CROA. Defendant's contracts contain numerous efforts to obtain a waiver of Plaintiff's vital consumer protection rights protected by the CROA, including but not limited to an attempt to obtain a waiver of Plaintiff's right to assert claims for the manner in which Defendant marketed its services to consumers.

58. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1679g(a)(1);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT VI – VIOLATIONS OF THE
### FLORIDA CREDIT SERVICES ORGANIZATIONS ACT, FLA. STAT. § 817.7005

59. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

60. Plaintiff is a "consumer" as defined by Fla. Stat. § 817.7001(1).

61. Defendant is a "credit service organization" as defined by Fla. Stat. § 817.7001(2)(a).

62. The FCSOA, pursuant to Fla. Stat. § 817.7005, provides a list of prohibited conduct for credit services organizations.

63. Pursuant to Fla. Stat. § 817.7005(1), a credit service organization must not charge or receive any money or other consideration prior to full and complete performance of its services, unless it has maintained a surety bond with the state, in which case the sums paid must be retained until full performance of the services are rendered.

64. Defendant violated Fla. Stat. § 817.7005(a) through its charging Plaintiff prior to full and complete performance of its services.

65. Pursuant to Fla. Stat. § 817.7005(4), a credit service organization cannot "[m]ake or use any false or misleading representations or omit any material fact in the offer or sale of the services of a credit service organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit service organization, notwithstanding the absence of reliance by the buyer."

66. As outlined above, Defendant violated the above referenced provision of the FCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages pursuant to Fla. Stat. § 817.706(1);

c. Awarding Plaintiff punitive damages pursuant to Fla. Stat. § 817.706(1);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Fla. Stat. § 817.706(1); and,

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**COUNT VII – VIOLATIONS OF THE**
**FLORIDA CREDIT SERVICES ORGANIZATIONS ACT, FLA. STAT. § 817.702**

67. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

68. Plaintiff is a "consumer" as defined by Fla. Stat. § 817.7001(1).

69. Defendant is a "credit service organization" as defined by Fla. Stat. § 817.7001(2)(a).

70. The FCSOA, pursuant to Fla. Stat. § 817.702, outlines the nature of information and disclosures that must be provided to consumers when contracting and receiving payment.

71. Defendant violated § 817.702 by failing to provide the requisite information and disclosures.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages pursuant to Fla. Stat. § 817.706(1);

c. Awarding Plaintiff punitive damages pursuant to Fla. Stat. § 817.706(1);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Fla. Stat. § 817.706(1); and,

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT VIII – VIOLATIONS OF THE
## FLORIDA CREDIT SERVICES ORGANIZATIONS ACT, FLA. STAT. § 817.705

72. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

73. Plaintiff is a "consumer" as defined by Fla. Stat. § 817.7001(1).

74. Defendant is a "credit service organization" as defined by Fla. Stat. § 817.7001(2)(a).

75. The FCSOA, pursuant to Fla. Stat. § 817.705(1), provides that "[a]ny attempt by a credit service organization to have a buyer waive rights given by this part is a violation of this part."

76. Defendant violated the above provision of the FCSOA in much the same way it violated § 1679f(b) of the CROA.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages pursuant to Fla. Stat. § 817.706(1);

c. Awarding Plaintiff punitive damages pursuant to Fla. Stat. § 817.706(1);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Fla. Stat. § 817.706(1); and,

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT IX– VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.204

77. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

78. The transactions giving rise to these claims constitute "trade or commerce" as defined by Fla. Stat. § 501.203(8).

79. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

80. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

81. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. *See* Fla. Stat. § 501.203.

82. Defendant violated § 501.204(1) through the unfair and deceptive nature of the conduct directed towards Plaintiff, discussed at length above.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 501.211(2);

c. Enter a declaratory judgment finding that the above referenced conduct is in violation of the above referenced statutes and regulations, pursuant to Fla. Stat. § 501.211(1);

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §501.211(1);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to Fla. Stat. §501.2105; and,

f. Award Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT X– BREACH OF FIDUCIARY DUTY

83. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

84. Defendant owed Plaintiff a fiduciary duty arising out of the nature of their relationship. Defendant was purporting to provide legal services to Plaintiff, inherently rendering it her fiduciary with regards to the services it was agreeing to perform.

85. Defendant breached its fiduciary duty owed Plaintiff given the nature of the "services" it provided. Despite purporting to have Plaintiff's best interest in mind, Defendant caused Plaintiff significant hardship through its provision of objectively and unreasonably misguided advice. Defendant completely disregarded the fiduciary duties it owed Plaintiff, and Defendant's breach of such duty caused Plaintiff significant financial harm as well as emotional distress.

WHEREFORE, Plaintiff, DAWYN S. PALMER, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Award Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from continuing its unlawful conduct; and,,

f.  Award Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: February 5, 2025                    Respectfully Submitted,

                                           */s/Alexander J. Taylor*
                                           Alexander J. Taylor, Esq.
                                           Counsel for Plaintiff
                                           Sulaiman Law Group, LTD
                                           2500 S. Highland Avenue, Suite 200
                                           Lombard, Illinois 60148
                                           Telephone: (630) 575-8181 Ext. 180
                                           Fax: (630) 575-8188
                                           ataylor@sulaimanlaw.com